### IN THE

## Supreme Court of the State of Georgia,

### AT MILLEDGEVILLE,

## DECEMBER TERM, 1867.

Present—HIRAM WARNER, *Chief Justice.*
IVERSON L. HARRIS, } *Judges.*
DAWSON A. WALKER, }

---

JAMES GIBBONS, *alias* JIM BENTLY, &c., negro, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

According to the decision of this Court in the case of William Gibson, a free person of color, *vs.* The State, decided at the December Term, 1866, the Superior Courts of this State, prior to the Act of 17th March, 1866, did not have jurisdiction for the trial of a free person of color, charged with the offence of "larceny after a trust delegated," committed on the 4th December, 1865.

Larceny after trust delegated. Motion in arrest. Decided by Judge FLEMMING. Chatham Superior Court. January Term, 1867.

The bill of indictment charged "James Gibbons, *alias* Jim Bently, &c., with the offence of larceny after a trust had been delegated." The subject matter of the larceny was a horse and wagon of one Oliver, alleged to have been intrusted to defendant, and by him converted, &c., on the 4th of December, 1865.

The defendant plead not guilty, was tried and convicted. His counsel moved to arrest the judgment of the following grounds:

1st. That on the said 4th day of December, 1865, the defendant was not, by the laws of this State, "a person of color," as charged in the indictment, but a "free person of color," and as such should have been indicted and tried.

2d. The Superior Court had no jurisdiction of this offence; and

3d. That no such offence as that charged in the indictment existed at said date, under the Penal Code of Georgia.

The Court overruled the motion, and sentenced the defendant to be imprisoned in the penitentiary, (or such other place or places as the Governor shall direct,) for four years, &c.

This refusal to arrest the judgment for the reasons stated, is assigned for error.

T. S. HESSELTINE, for plaintiff in error.

A. B. SMITH, Solicitor General, for the State.

WARNER, C. J.

The error assigned to the judgment of Court below in this case, is in holding that the Court had jurisdiction for the trial of the offence charged in the indictment. The question made in this record is not now an open one in this Court. In the case of William Gibson, a person of color, *vs.* the State of Georgia, decided at the December Term, 1866, (not yet reported,) it was held that the Superior Courts in this State had no jurisdiction of the offence of "Larceny from the House," alleged to have been committed by a free person of color, on the 3d day of February, 1866, prior to the passage of the Act of 17th March, 1866. In this case, the offence is alleged to have been committed on the 4th day of December, 1865. This case being clearly within the decision made in that case, upon the question of jurisdiction, we are controlled by it.

Therefore let the judgment of the Court below be reversed.